UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>Plaintiff-in-Interpleader,<br><br>v.<br><br>PHILOMENE SIMON; JAMAAR D. SIMON; FINANCIAL VISIONS, INC., a Colorado Corporation; and DOES 1 through 10, inclusive<br><br>Defendants-in-Interpleader | Case No.: 2:09-cv-05314-JHN (FFMx)<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW |

A Court Trial was conducted in this matter on December 22, 2010. Following trial, the Court rendered Judgment in favor of Defendant-in-Interpleader Philomene Simon and Financial Visions, Inc. Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, the Court hereby makes the following Findings of Fact and Conclusions of Law.

FINDINGS OF FACT

1. This is a Complaint in Interpleader in which the Defendants-in-Interpleader are adverse claimants to proceeds of an insurance policy in the sum of $135,000.00, plus

-1-

interest, which Life Insurance Company of North American ("LINA") has deposited into the registry of this Court (the "Funds"). [Notice of Deposit of Funds Into Court Registry; docket no. 3.]

2. LINA is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania. [Compl. ¶ 1; docket no. 1.]

3. Defendant-in-Interpleader Philomene Simon ("Philomene") is and at all relevant times was a citizen and resident of the County of Los Angeles, State of California. [Philomene's Answer ¶ 1; docket no. 14.]

4. Defendant-in-Interpleader Jamaar D. Simon ("Jamaar") is and at all relevant times was a citizen and resident of the County of Los Angeles, State of California. [Jamaar's Answer ¶ 3; Jamaar's Counter-Claim ¶ 22; docket no. 24.]

5. Defendant-in-Interpleader Financial Visions, Inc. ("Financial Visions") is and at all relevant times was a corporation organized under the laws of the State of Colorado with its principal place of business in Denver, Colorado, and, therefore, is a citizen and resident of the State of Colorado. [Financial Visions' Answer ¶ 4; docket no. 11.]

6. Beginning in 1987, decedent Rodrique Simon was an employee of the County of Los Angeles.

7. Philomene Simon and the decedent, Rodrique Simon, were validly married in the nation of Haiti on December 31, 1996.

8. Effective January 1, 2002, the County initiated a Group Term Life Insurance Plan with Plaintiff-in-Interpleader, LINA, as the insurance carrier for the Group Term Life Insurance Policy No. FLI52070 (the "Policy"). The Policy was rewritten as of January 1, 2007.

9. Decedent Rodrique Simon was a covered employee under the Policy. He voluntarily selected and paid for optional life insurance which, when combined with the

basic benefit, totaled a face value of one hundred, thirty-five thousand dollars ($135,000.00).

10. Rodrique Simon's participation in the Group Term Life Insurance program was renewable annually.

11. There was no individual underwriting requirement for Rodrique Simon's enrollment in the Group Term Life Insurance program.

12. The County of Los Angeles withheld a portion of Rodrique Simon's wages as payment for the premium of the Supplemental Group Term Life Insurance he elected to obtain as a County employee.

13. Rodrique Simon died on December 28, 2008 while still an employee of the County of Los Angeles, and while still married to Philomene Simon.

14. Rodrique Simon died intestate.

15. The Policy's "Payments of Benefits" provision states in part as follows:

"PAYMENT OF BENEFITS

**To Whom Payable**

Any benefits for loss of your life will be paid to your named Beneficiary. If no beneficiary is named, any amount of your loss of life benefits will automatically be paid to your surviving spouse; or if no surviving spouse, your surviving children; or if no surviving children, your parents; or if no surviving parents, your brothers or sisters; or if no surviving brothers or sisters; your estate. If more than one person becomes entitled to benefits they will share equally. This is an automatic beneficiary designation. If you elect a different beneficiary, you must complete a special designation form available for this purpose."

16. Rodrique Simon did not complete a special designation form for the Group Term Life Insurance.

17. Pierce Brothers Mortuary handled the funeral arrangements for decedent, which were financed by Defendant-in-Interpleader Financial Visions, Inc. The amount charged for the mortuary and cemetery services for Rodrique Simon was $17,998.92. Philomene Simon executed a partial assignment of her interest in the benefits under the Group Term Life Insurance to Financial Visions, Inc.

18. Both Philomene Simon, the spouse of the decedent, and Jamaar Simon, the decedent's adult son from a marriage prior to decedent's marriage to Philomene, have claimed the benefits under the Group Term Life Insurance.

CONCLUSIONS OF LAW

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1335, in that there is diversity of citizenship between two adverse claimants and the amount in controversy exceeds $500.00, exclusive of interest.

2. LINA filed this Complaint in good faith and without collusion with any of the parties hereto to resolve all disputes over the proceeds.

3. Venue is proper pursuant to 28 U.S.C. § 1397 because this action is being brought in a judicial district in which one of the Defendants-in-Interpleader resides.

4. Pursuant to the terms of the Group Term Life Insurance Policy, Defendant Philomene Simon is entitled to the benefits thereunder, as the surviving spouse of the decedent, Rodrique Simon, and is entitled to Judgment in this action. Philomene Simon is entitled to the entirety of the Funds, less fees to LINA and the partial assignment to Financial Visions, Inc.

5. Financial Visions, Inc. is entitled to the sum of $17,998.92, to be paid from the Funds, pursuant to the assignment of benefits executed by Philomene Simon.

6. LINA is entitled to reasonable attorneys' fees and costs in the amount of $16,662.35 to be paid from the Funds. *Abex Corp. v. Ski's Enterprises, Inc.*, 748 F.2d

513, 516 (9th Cir. 1984) (fees); *Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982)(costs); (*Decl. of Russell Birner*; docket no. 80.)

7. LINA is entitled to an order restraining and prohibiting Defendants from instituting any other legal proceeding against it based on the ownership or purported ownership of the Policy. "[I]nterpleader's primary purpose is to protect a disinterested stakeholder from multiple liability and the expense of multiple litigation." *Primerica Life Ins. Co. v. Estate of Grim*, No. 09-0108, 2009 U.S. Dist. LEXIS 95804, at *8 (W.D. Wash. Sept. 23, 2009) (citing *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033-34 (9th Cir. 2000)).

8. Counter-Defendant Jamaar Simon has failed to state a claim against LINA upon which he can recover. He has failed to assert a duty owed by LINA to him or upon which he can recover. Consequently, he has failed to assert a breach of any duty owed.

9. LINA is entitled to Judgment against Jamaar Simon on the Counterclaim.

IT IS SO ORDERED.

Dated: April 26, 2011

_____
Hon. Jacqueline H. Nguyen
United States District Judge